UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 20-61168-CIV-MORENO

SYED ALI,

        Plaintiff,

vs.

GREAT AMERICAN INSURANCE GROUP
and CARRINGTON MORTGAGE
SERVICES, LLC,

        Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE came before the Court upon Motion to Dismiss for Failure to State a Claim **(D.E. 16)**.

THE COURT has considered the motion, the response in opposition, the reply, pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED and all claims are dismissed with prejudice.

### I.   Background

This is a simple case that many courts in this district have addressed before. Plaintiff, a homeowner whose property was damaged in Hurricane Irma, is suing his mortgage servicer (Carrington) and its insurer (Great American) for breach of contract. He originally brought suit in Florida state court, and the defendants removed the case on diversity grounds. Defendants now move to dismiss for failure to state a claim. The insurance policy provides that insurance proceeds shall be applied to repair, or if repair is not feasible, to pay off the mortgage with the excess paid to borrower. Ali alleges Carrington accepted a smaller amount than was warranted from Great

American, and that as a putative third-party beneficiary, he has the right to sue for breach of contract.

In reality, the insurance contract between Great American and Carrington expressly disclaims that there are any third-party beneficiaries. Thus, Plaintiff does not have the right to sue for breach of contract he is not a party to, and this suit should be dismissed.

## II.     Legal Standard

In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When ruling on such a motion, a court must view the complaint in a light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See Twombly*, 550 U.S. at 555-56. In order to establish a facially plausible claim, a plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## III.     Analysis

Chase Manhattan Mortgage Corporation lent money to Plaintiff Syed Ali, secured by the Plaintiff's home. Plaintiff was required to purchase insurance by the terms of the mortgage agreement. He did not, and Carrington obtained lender-placed insurance from Great American instead. That policy stated **"[t]his policy does not provide coverage for . . . the interest or equity of the mortgagor."** (D.E. 4-1, at 001.).

Plaintiff nonetheless maintains he is a third-party beneficiary and thus has standing to sue. To support his argument, he argues that the insurance policy would not exist without the mortgage, and the mortgage clearly contemplates that insurance proceeds would benefit Plaintiff (either

through home repair or paying down the mortgage), ergo he is an intended beneficiary of the insurance policy.

To state a cause of action under a contract as a third-party beneficiary in Florida, a plaintiff must allege 1) the existence of a contract; 2) the clear or manifest intent of the contracting parties that the contract primarily and directly benefit the third party; 3) breach of the contract by a contracting party; and 4) damages to the third party resulting from the breach. *Catatonic Inv. Corp. v. Great Am. Assurance Co.*, No. 14-CV-21621, 2014 WL 11997839, *2 (S.D. Fla. Nov. 25, 2014) (citing *Biscayne Inv. Grp., Ltd. v. Guarantee Mgmt. Servs., Inc.*, 903 So. 2d 251, 254 (Fla. 3d DCA 2005)). As this Court has previously held, the existence of the above clause disclaiming coverage for Plaintiff defeats any hope of Plaintiff meeting the second prong of the third-party beneficiary test under Florida law.

> This language evinces the contracting parties' clear and manifest intent not to primarily benefit the third-party, the Plaintiff. Plaintiff is not listed as a named insured and is specifically excluded from coverage. The policy expressly states that it is for the benefit of the named insured, not the named insured and the borrower. Following Florida law, which requires this Court to construe the policy in accordance with its plain language, the Court does not find the contracting parties intended to make Plaintiff a third-party beneficiary.

*Suarez v. Integon Nat'l Ins. Co.*, No. 19-22006-CIV, 2019 WL 8014371, at *2 (S.D. Fla. Oct. 15, 2019) (Moreno, J.).

In its briefing, Plaintiff does not address the on-point rulings from this Court and others in the Southern District of Florida but instead relies on three decades-old cases from Florida state courts. Plaintiff argues these cases create a more lax standard for finding a third-party beneficiary in insurance cases even when the insurance policy fails to refer to the third-party. Orders from Judge Ungaro and Chief Judge Moore summarize the case law on which Plaintiff relies and reject it.

> Those cases are unavailing because none of them contain policies with a clear or manifest intent *not* to benefit a third party. Indeed, courts within our district have examined many of

3

these same cases and have found them inapposite because insurance contracts are construed in accordance with the plain language of the policy. And when a policy includes an unambiguous provision that the named insured is the only beneficiary, that forecloses a third-party beneficiary claim.

*Ulloa v. Integon Nat'l Ins. Co.*, No. 18-23069-CIV, 2019 WL 2176941 (S.D. Fla. Mar. 13, 2019) (Ungaro, J.) Additionally, in Plaintiff's cited cases, the plaintiff in those cases actually purchased the insurance.

### IV.    Conclusion

Thus, Plaintiff is not a third-party beneficiary, and he cannot sue on the policy. Accordingly, his claim for declaratory judgment, his two claims for breach of contract, and his request for attorney's fees are dismissed with prejudice for failure to state a claim for which relief may be granted. The Court chooses to dismiss the complaint with prejudice because Plaintiff's defects are incurable. There is no possible amendment to Plaintiff's complaint that would state a claim for relief.

DONE AND ORDERED in Chambers at Miami, Florida, this 18th of December 2020.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record